# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| Plaintiff | ) | |
| v. | ) | **Case No.:** |
| FOCUS RECEIVABLES | ) | **COMPLAINT AND DEMAND FOR** |
| MANAGEMENT, LLC, | ) | **JURY TRIAL** |
| Defendant | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JOSEPH THOMPSON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FOCUS RECEIVABLES MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff, JOSEPH THOMPSON, is a natural person residing in New Brighton, Pennsylvania.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, is a national debt collection company with its principal place of business located at 1130 Northchase Parkway, Suite 150, in Marietta, Georgia, 30067.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.   The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties.  <u>See</u> 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §

- 3 -

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

# FACTUAL ALLEGATIONS

15.   At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.   The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.   Beginning on May 17, 2010, and continuing through October 2010, Defendant, its agents, employees, and servants, contacted Plaintiff continuously and repeatedly seeking and demanding payment of an alleged debt.

18.   Defendant made continuous telephone calls to Plaintiff's home and cellular telephones in an attempt to collect a debt.

19.   Defendant made at least fifty-one (51) calls in a thirty-one (31) day period in its attempts to collect a debt from Plaintiff.  See Exhibit A, a list of dates and times that Defendant contacted Plaintiff.

20.   At one point, Plaintiff did speak to Defendant and informed Defendant that not only was the debt in question under dispute, but that Defendant, "please not call as much as they have been."

21.   Despite Plaintiff's request, Defendant continued to make repeated calls to Plaintiff's home and cellular telephones almost everyday, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times as many as five (5) calls a day.  See Exhibit A, a list of dates and times that Defendant

contacted Plaintiff.

22. Further, Defendant's continuous and repeated telephone calls to Plaintiff caused Plaintiff to receive, on average, more than ten (10) collection calls a week. See Exhibit A, a list of dates and times that Defendant contacted Plaintiff.

23. As a result of Defendant's repeated telephone calls, Plaintiff no longer answers his home telephone; however, Defendant still continued to call Plaintiff on his home telephone.

24. Plaintiff felt harassed by Defendant's constant calling.

25. In addition to contacting Plaintiff continuously and repeatedly on his home and cellular telephones, Defendant sent Plaintiff correspondence in its attempts to collect an alleged debt.

26. On May 18, 2010, Defendant sent Plaintiff correspondence seeking and demanding payment of $360.26 for an alleged debt owed to Direct TV. See Exhibit B, Defendant's May 18, 2010, correspondence to Plaintiff.

27. In its correspondence to Plaintiff, Defendant threatened Plaintiff that "a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations," which was confusing to Plaintiff as he did not understand what credit obligations he was required to fulfill and to whom he was to fulfill those credit obligations.

28.     Moreover, Defendant threatened Plaintiff that it intended to report the matter to a credit reporting agency once the 30-day validation notice expired and/or validation had been sent to him, which Plaintiff understood to mean that the debt was going to be reported on his credit report regardless of whether he disputed the debt or attempted to contact the original creditor regarding this matter.

29.     Defendant's actions in attempting to collect the alleged debt were harassing, and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

30.     The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts

interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

32.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a.  Defendant violated of the FDCPA generally;

   b.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c.  Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

   d.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   e.  Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

   f.  Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

g. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JOSEPH THOMPSON, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for a violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH THOMPSON, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, PC.

DATED: 1-14-11

BY: /s/ Christina Gill Roseman
    Christina Gill Roseman
    Attorney ID # PA 71492
    Kimmel & Silverman, P.C.
    210 Grant Street, Suite 202
    Pittsburgh, PA 15219
    Phone: (412) 566-1001
    Fax: (412) 566-1005
    Email: croseman@lemonlaw.com

PLAINTIFF'S COMPLAINT